IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIRILL MIKHAILOVSKII,

     Petitioner,

v.                                          No. 2:26-cv-00839-KG-SCY

MARY DE ANDA-YBARRA, et al.,

     Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Kirill Mikhailovskii's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. *See* Doc. 1 at 1. For the reasons below, the Court grants the petition.

## I.    *Background*

Petitioner, a Russian citizen, entered the United States in 2022 at a port of entry, where the Department of Homeland Security granted him parole. Docs. 1 at 27, 6 at 1–2. He timely filed an asylum application which remains pending. Doc. 6 at 2. He works lawfully as a commercial truck driver and lives in California near his daughter, a lawful permanent resident. Doc. 1 at 9. He has no criminal history and has complied with all immigration conditions. *Id.*

In January 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner in Minnesota. *Id.* ICE served Petitioner with a Notice to Appear ("NTA"), but an immigration judge terminated the removal proceedings due to a defect in the notice. *Id.* ICE has since issued a new NTA. *Id.* Petitioner remains detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* He argues that he is being "held without any meaningful

opportunity to challenge his detention" and seeks immediate release or, in the alternative, a bond

hearing in front of a neutral decisionmaker.  *Id.* at 6, 8.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   Analysis

For the reasons below, the Court concludes that (A) 8 U.S.C. § 1226 governs Petitioner's

detention, and (B) the proper remedy is a bond hearing where the Government bears the burden

of proof.

### A.    Section 1226 governs Petitioner's detention.

The Immigration and Nationality Act ("INA") establishes distinct detention regimes

depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v.*

*Rodriguez*, 583 U.S. 281, 288–89 (2018).  First, § 1225 governs noncitizens detained at a port of

entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the

country."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Absent

exceptions not relevant here, § 1225 "mandates detention and affords no bond hearing."  *Pu*

*Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, § 1226(a) sets forth "the default rule" for detaining noncitizens "already in

the country."  *Jennings*, 583 U.S. at 303.  Section § 1226(a) authorizes the arrest and detention of

noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they

2

are] to be removed."  Under federal regulations, noncitizens detained under § 1226(a) are entitled to individualized bond hearings at the "outset of detention."  *Jennings*, 583 U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here.[1]  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432; *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.).  ICE detained Petitioner approximately four years after his initial entry into the United States and did not apprehend him at or near the border.  Doc. 1 at 9.  Accordingly, § 1225's mandatory detention provision does not apply because Petitioner effected an entry into the United States by living here for years.  Petitioner's detention without a bond hearing violates the INA.

**B.**      ***The remedy is a bond hearing where the Government bears the burden of proof.***

Petitioner's prolonged detention violates the Fifth Amendment's Due Process Clause, and so he is entitled to a bond hearing where the Government bears the burden of proof.  Because § 1226(a) governs here, Petitioner's "continued detention without [an individualized bond hearing] constitutes an ongoing violation of [his] right to due process."  *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. 2025).  Where detention proceeds without constitutionally adequate safeguards, the Court determines what additional procedures are due under the balancing framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1240 (10th Cir. 2001).  That framework

---

[1] The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission."  *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.).  The Tenth Circuit has not yet addressed this question.

considers (1) the private interest at stake; (2) the risk of erroneous deprivation under the procedures used and the value of additional safeguards; and (3) the Government's interest, including the burdens of additional procedures. *Mathews*, 424 U.S. at 335.

The *Mathews* factors weigh in favor of shifting the burden. To start, Petitioner's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

Second, the procedures in place create a substantial risk of erroneous deprivation. Petitioner has submitted evidence demonstrating that he is neither a flight risk nor a danger to the community, but that evidence has not been meaningfully considered. And this failure is not isolated. Courts have observed similar cases arising across the country, raising "serious concerns about Petitioner's access to a meaningful bond hearing." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1243 (D.N.M. 2025) (collecting cases). Requiring the Government "to prove by clear and convincing evidence that Petitioner is a flight risk and/or a danger to the community ameliorates those concerns." *Id.*

Third, the Government's interest does not outweigh these concerns. Although the Government has a legitimate interest in ensuring appearance and protecting the community, shifting the burden of proof imposes minimal additional burden. The Government has "vast resources at its disposal to gather information about Petitioner's eligibility for bond." *Id.* Moreover, detention has not been necessary to ensure Petitioner's presence at immigration proceedings—he had complied with all conditions of release to date.

## IV. Conclusion

The Court therefore grants Petitioner's habeas petition, Doc. 1. Because the Court concludes that relief is warranted under the INA and Fifth Amendment, it declines to address

Petitioner's other arguments.  The Court directs the Government to provide Petitioner with a

bond hearing under § 1226(a) before an immigration judge within seven (7) days of this Order.

At that hearing, the Government has the burden of justifying Petitioner's detention by clear and

convincing evidence.  If the Government fails to do so, it must release him.  The Court further

orders the Government to file a status report within ten (10) business days of this Order

confirming that it has complied.

       IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.